IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE CHILDS EL,

        Plaintiff,

v.

JB PRITZKER, et al.,

        Defendants.

Case No. 3:26-CV-912-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On June 30, 2026, Plaintiff Dwayne Childs El filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 seeking in excess of $1.5 trillion in damages for the alleged violation of his constitutional rights. (Doc. 1). As Defendants, Childs El has named Illinois Governor JB Pritzker, St. Clair County Court, Judge Sara Rice, Judge Jeffery Watson, Prosecuting Attorney Jim Gomric, St. Clair Circuit Clerk Kinnis Williams, Sr., Illinois State Police Director Brendan Kelly, the Illinois State Police, the Metropolitan Enforcement Group of Southwestern Illinois (MEGSI), DEA Administrator Terrance Cole, U.S. Marshal Brendan Heffner, Sheriff Richard Watson, Captain Gregory Hosp, the Sheriff's Department, the St. Clair County Jail, and St. Clair County Booking. (*Id.*).

Now pending before the Court is Childs El's Motion to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without prepaying the required costs and fees by submitting an affidavit asserting his inability to pay the fees, the nature of the action, and

the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is not satisfied from Childs El's affidavit (Doc. 2) that he is indigent. 28 U.S.C. § 1915(a)(1). In fact, Childs El did not fill out the required form at all. Instead, he demands "free access to the Court by Right," citing the U.S. Constitution, Article I, Section X, which states that "[n]o State shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make anything but gold and silver coin a tender in payment of debts . . . ." U.S. CONST. art. I, § 10. Childs El states that he does not have or possess "any gold or silver coins," and he "respectfully" demands free access to the Court.

Childs El's assertion that he is entitled to free access to the Court without having to provide any further information about his financial status is wrong. "The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice." *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Moreover, § 1915(a)(1) allows an indigent party "to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989) (citing 28 U.S.C. § 1915(a)(1)). Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Id.*

Childs El has not provided the information required for the undersigned to determine whether he is indigent and entitled to proceed in this Court without prepaying fees or costs. The Court, therefore, reserves ruling on Childs El's motion and orders him to file an amended motion that answers the questions about his financial status under penalty of perjury. Childs El's failure to do so will result in the denial of his motion and the filing fee will become due immediately.

The Court will now screen the Complaint to determine whether Childs El has stated a claim. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). "This is so even when the plaintiff has paid all fees for filing and service." *Id.*; *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Rule 8 states that a complaint "shall contain" a short and plain statement of the claim, jurisdictional basis, and demand for relief. FED. R. CIV. P. 8. The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Much of Childs El's Complaint is incomprehensible, replete with buzzwords and phrases used by "sovereign citizens." But at the heart of his 93-page Complaint, as best the Court can tell, is an allegation that an unconstitutional search was executed at his home. (*Id.* at p. 6). Childs El claims that Defendants issued an unconstitutional search warrant for his private religious dwelling, and that execution of the warrant led to destruction of his religious property, desecration of the Moorish American Flag, harassment, and ridicule. (*Id.*). He was then arrested, handcuffed, put in a squad car with no heat and no protection from the winter weather, and "held hostage" in the St. Clair County Jail, where he was denied professional medical attention. (*Id.*).

Childs El may have a claim, but the remainder of his Complaint is so marred by gibberish posing as legal jargon that the Court cannot decipher who he is suing and for what. And despite the Complaint's length, it is relatively short on the factual allegations

of the alleged incident. In other words, Childs El has failed to provide a short and plain statement of his claim under Rule 8. Without more precise factual allegations, it is impossible for the Court to tell whether Childs El may be entitled to any relief.

Accordingly, the Court will dismiss Childs El's Complaint for failure to state a claim. Childs El shall be permitted to file an Amended Complaint within 30 days of this Order. At a minimum, the Amended Complaint should include a statement of the facts, a list of the parties to this case, the legal claims asserted, and who those claims are asserted against.

The Court also notes that, although Childs El purports to have an attorney representing him in this matter, Timothy Lamont Blackwell El is not a licensed attorney in the State of Illinois. Therefore, the Court does not accept his entry of appearance. (Doc. 1 at p. 39).

Because Childs El is proceeding *pro se*, the Court encourages him to review the Court's resources for pro se litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court encourages Childs El to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court.

For these reasons, the Complaint filed by Plaintiff Dwayne Childs El (Doc. 1) is **DISMISSED without prejudice**. Childs El is **ORDERED** to file an Amended Complaint *and* an Amended Motion to Proceed in District Court Without Prepaying Fees or Costs on or before **August 10, 2026**. Failure to comply with this Court's order may result in the dismissal of this action with prejudice.

Childs El is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and no later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 10, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**