**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DWAYNE CHILDS EL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JB PRITZKER, SARA RICE, CAPT. GREGORY HOSP, and JULIE ELLIOT,**<br><br>**Defendants.** | **Case No. 3:26-CV-912-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Dwayne Childs El's Amended Complaint (Doc. 13) and Amended Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 14). The Court previously denied Childs El's motion to proceed *in forma pauperis* because he did not provide any of the required information. The Court also dismissed Childs El's Complaint for failure to state a claim, but granted him an opportunity to amend.

Upon review of Childs El's Amended Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 14), the Court is satisfied that he is indigent. Childs El reports, under penalty of perjury, that he is unemployed and has no income. (*Id.*). He has no cash, no money in a bank account, and no assets of value. The Court therefore finds that Childs El is indigent and unable to pay the filing fee.

The Court will now screen the Amended Complaint to determine whether Childs El has stated a claim. As the Court previously explained, "[d]istrict judges have ample

authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

Childs El alleges that on or around March 14, 2025, Captain Gregory Hosp of the St. Clair County Sheriff's Department, Assistant State's Attorney Julie Elliot, and St. Clair County Associate Judge Sara Rice conspired to issue an unconstitutional search warrant on his person and his temporary domicile. (Doc. 13, p. 5). Childs El claims that the warrant was based on hearsay and that Defendants lacked factual evidence to provide "just cause" to invade his privacy. (*Id.*). He also asserts that Captain Hosp "bypassed certain steps in securing proper cause" to invade his privacy and that Ms. Elliot and Judge Rice turned a blind eye to this error. (*Id.*). When Captain Hosp later returned to arrest Childs El on January 14, 2026, his property was illegally searched again and was damaged or taken during the search. (*Id.*, p. 8). As relief, Childs El seeks $50,000 in compensatory damages, $200,000 in punitive damages, and an order requiring Defendants to stop all legal matters and harassment at once. (*Id.*, p. 5).

## Discussion

In reviewing a complaint to determine whether it states a claim, the Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on

its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

As an initial matter, although Childs El identified JB Pritzker in the case caption, he did not include any allegations against JB Pritzker in his Amended Complaint. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Hernandez v. Lee*, 128 F.4th 866, 871 (7th Cir. 2025) (quotation omitted). Because Childs El has not alleged any facts indicating that JB Pritzker was personally involved in the alleged deprivation of his constitutional rights, he has failed to state a claim against this defendant. Any potential claim against JB Pritzker is therefore dismissed without prejudice.

Childs El's claim against Judge Rice also must be dismissed because it is barred by the doctrine of judicial immunity. "[J]udges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001)

(citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). "This rule protects the judicial process by ensuring that judges make decisions based on the merits, not based on fear of potential lawsuits." *Winters v. Kerkman*, No. 26-CV-0173-BHL, 2026 WL 446403, at *3 (E.D. Wis. Feb. 17, 2026) (citing *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012)). Judicial immunity has been recognized as a device to protect judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Richman*, 270 F.3d at 435. Childs El's claim against Judge Rice is related to her issuance of a warrant, which was well within her role as a judge. Therefore, his claim against Judge Rice must be dismissed.

Turning to Childs El's remaining claims against Ms. Elliot and Captain Hosp, under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "To determine whether probable cause existed, the court must ask whether, 'based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime.'" *United States v. McMillian*, 786 F.3d 630, 639 (7th Cir. 2015) (quoting *United States v. Peck*, 317 F.3d 754, 75 (7th Cir. 2003)).

Childs El did not include the affidavit with his Amended Complaint. But, generously construing the Amended Complaint, Childs El alleges that Captain Hosp based his warrant application on hearsay and lacked factual evidence to establish probable cause to conduct a search of his domicile. Ms. Elliot then turned a blind eye to the lack of probable cause and approved the warrant application. Childs El also alleges

that Captain Hosp illegally searched his property a second time upon his arrest. These allegations are sufficient to state a claim and are not clearly frivolous.

The Court does note that Ms. Elliot and Captain Hosp may be immune from suit. "Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is . . . associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). "Police, law-enforcement investigators, and prosecutors acting in an investigative capacity may claim only qualified immunity, which covers conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (cleaned up). The Court cannot determine at this stage, however, whether any immunity would apply to these defendants. Because Childs El's claims against Captain Hosp and Ms. Elliot for money damages are not clearly frivolous or transparently defective, they will not be dismissed.

Childs El's request for injunctive relief, however, must be denied. Childs El's criminal case remains pending in St. Clair County.[1] In *Younger v. Harris*, the U.S. Supreme Court held that "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37, (1971)); *see also Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017) (noting that *Younger* abstention is proper when state court proceedings are initiated before any proceedings of substance on the merits have taken place in federal court).

---

[1] This Court has authority to take judicial notice of Childs El's case in St. Clair County. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

Here, Childs El is asking the Court to intervene in the state court action by ordering it to "stop all legal matters and harassment at once." This is a classic *Younger* abstention scenario. While there are some exceptions to the *Younger* doctrine, including that the state proceeding is motivated by a desire to harass or is conducted in bad faith, *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007), Childs El's use the word "harassment" without any facts to support his assertion is insufficient to allow this Court to intervene in the state action. Therefore, Childs El's request for injunctive relief is denied.

## CONCLUSION

For these reasons, the Amended Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Dwayne Childs El (Doc. 14) is **GRANTED**.

Defendants JB Pritzker and Sara Rice are **DISMISSED without prejudice**.

Childs El shall proceed on his Fourth Amendment claim against Defendants Julie Elliot and Captain Gregory Hosp.

The Court finds that a stay is warranted pursuant to the *Younger* abstention doctrine. The stay is premised on the finding that the challenged conduct is connected with criminal charges pending in St. Clair County. Nonetheless, the Court finds it convenient to serve Defendants in this case. The stay shall go into effect after Defendants Julie Elliot and Captain Gregory Hosp have been served and counsel has entered an appearance on their behalf. **Defendants are not required to answer the Amended Complaint at this time**. Upon lifting the stay, the Court shall enter a scheduling order including the time allowed for Defendants to file Answers.

Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, at the plaintiff's request, a court may order that service be made by the United States Marshals Service ("USMS"). The Court therefore **DIRECTS** the Clerk of Court to provide Childs El with USM-285 forms. If Childs El wishes to have the USMS effect service, he is **ORDERED** to return the completed forms to the Clerk of Court along with the completed summons. Upon receipt of the completed USM-285 forms, the Clerk is **DIRECTED** to prepare and issue a service packet consisting of the summons, USM-285 forms, and the Amended Complaint to the USMS. The Court **DIRECTS** the USMS, upon receipt of these documents, to serve a copy of the summons and Amended Complaint upon Defendants in any manner consistent with Rule 4, as directed by the Plaintiff.

Childs El is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and no later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 20, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**